[Cite as *State v. Patterson*, 2014-Ohio-2740.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 14AP-50 |
| | | (C.P.C. No. 12CR-11-5930) |
| John M. Patterson, | : | and |
| | | No. 14AP-290 |
| Defendant-Appellant. | : | (C.P.C. No. 13CR-04-2122) |
| | : | (REGULAR CALENDAR) |

---

# D E C I S I O N

### Rendered on June 24, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

*Brian J. Rigg*, for appellant.

---

APPEALS from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Defendant-appellant, John M. Patterson, is appealing from his convictions for felonious assault with a firearm specification and for having a weapon under disability. He assigns three errors for our consideration:

> [I.] THE TRIAL COURT ERRED WHEN IT FAILED TO PRESENT A JURY INSTRUCTION FOR AGGRAVATED ASSAULT.
>
> [II.] THE TRIAL COURT ERRED WHEN IT FAILED TO PRESENT A JURY INSTRUCTION ON SELF-DEFENSE/DEFENSE OF OTHERS WHERE THE EVIDENCE SUPPORTED AN INSTRUCTION.

[III.] THE VERDICT IS AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 2}   The evidence clearly indicated that Patterson struck Jhuty Imhotep Minter in the eye while holding a handgun in the hand which struck Minter.  Minter lost most or all of the vision in his one eye as a result.  Thus, Patterson was clearly guilty of felonious assault unless attendant facts established that self-defense applied or that the aggravated assault statute applied.

{¶ 3}   Felonious assault is defined by R.C. 2903.11(A) as follows:

No person shall knowingly do either of the following:

(1) Cause serious physical harm to another or to another's unborn;

(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

{¶ 4}   Aggravated assault is defined in R.C. 2903.12(A) as follows:

(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:

(1) Cause serious physical harm to another or to another's unborn;

(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section  2923.11 of the Revised Code.

{¶ 5}   Self-defense applies only when the person who inflicts harm on a victim is not at fault for giving rise to the affray.  Patterson went looking for Minter and approached him with a handgun.  Clearly, Patterson was responsible for the encounter and the assault on Minter.  The evidence did not support a self-defense theory and the trial court was correct not to give a jury charge as to self-defense.

{¶ 6}   The second assignment of error is overruled.

{¶ 7} Patterson clearly had a firearm while he was under a legal disability. The evidence clearly supported his being convicted of having a weapon under disability.

{¶ 8} The evidence also clearly showed that Patterson knowingly did serious physical harm to Minter with a deadly weapon. The evidence clearly supported the conviction for felonious assault.

{¶ 9} The third assignment of error is overruled.

{¶ 10} The most challenging issue centers around aggravated assault as an offense of inferior degree as opposed to felonious assault. Minter had encountered the son of Patterson's girlfriend on the street near where Minter lived. The boy, age seven, apparently went home and claimed to his mother that Minter had propositioned him. The mother told her boyfriend Patterson. As a result, Patterson believed that Minter had asked the boy to "suck his dick."

{¶ 11} Minter described Patterson as being in a rage when Patterson approached him. Apparently 20 minutes or more had elapsed between when Minter spoke to the seven year old and when Patterson encountered Minter, but Patterson had learned of the proposition more recently then that. Again, Minter described Patterson as being in a rage when Patterson approached him and that rage was brought on by the boy's claim of Minter propositioning him.

{¶ 12} Minter had allegedly solicited the seven-year-old boy to perform oral sex on Minter.

{¶ 13} This qualified as a serious provocation. The Supreme Court of Ohio has indicated that "[t]he provocation must be reasonably sufficient to incite the defendant to use deadly force. For provocation to be reasonably sufficient, it must be sufficient to arouse the passions of an ordinary person beyond the power of his or her control." *State v. Shane*, 63 Ohio St.3d 630, 635.

{¶ 14} We see the provocation as being sufficient to enrage a person who is acting in the role of step-father to a seven year old. The trial court should have allowed the jury to consider the inferior offence of aggravated assault. The first assignment of error is sustained.

{¶ 15} In sum, the first assignment of error is sustained. The second and third assignments of error are overruled.

{¶ 16} As a result of our findings, the verdicts of guilty as to felonious assault and related conviction is vacated.  The conviction, having a weapon under disability, is affirmed.  The case is remanded for a new trial as to the felonious assault charge and related firearm specification.

*Judgment affirmed in part and reversed in part; case remanded with instructions.*

SADLER, P.J., and O'GRADY, J., concur.